**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**James Zeetehkenz,**

**Plaintiff,**

**-against-**

**United States Postal Service, et al.,**

**Defendants.**

**1:26-cv-08660 (JPC) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Defendants Eugene Lugo, Tricia-Ann Philip and Veronica Patterson (together, the "USPS Employees") and the United States Postal Service (collectively, the "Defendants"), pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an Order directing *pro se* plaintiff James Zeetehkenz ("Plaintiff" or "Zeetehkenz") to provide a more definite statement of his pleading.[1] (Defs.' 11/13/26 Not. of Mot., ECF No. 8.) For the reasons set forth below, Defendants' motion is GRANTED.

## BACKGROUND

On July 29, 2026, Zeetehkenz commenced this action by filing in the Civil Court of the City of New York a Summons with Endorsed Complaint. (*See* Pl.'s 7/29/26 Summons, ECF No. 1-1.) With respect to "[t]he nature and substance of [his] cause of action[,]" Plaintiff merely states: "Personal Injuries for $30,000." (*Id.*)

[1] "'A motion for a more definite statement under Rule 12(e) is non-dispositive,' and may therefore be decided by a magistrate judge pursuant to Fed. R. Civ. P. 72(a)." *Haber v. Collecto, Inc.*, No. 20-CV-06637 (AJN) (BCM), 2020 WL 7318280, at *3 (S.D.N.Y. Dec. 11, 2020) (quoting *Rohring v. Pegasus Support Servs., LLC*, 2020 WL 2465091, at *1 n.1 (W.D.N.Y. May 13, 2020)).

On October 1, 2026, Defendants removed the action to this Court, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, because the USPS Employees were "acting within their scope of federal employment at the time of the incident out of which Plaintiff's claims arose." (McDonald 10/1/26 Cert., ECF No. 1-2; *see also* Defs.' Not. of Removal, ECF No. 1.) On November 13, 2026, Defendants filed the motion for a definite statement that now is before the Court.[2] (*See* Defs.' 11/13/26 Not. of Mot.)

## LEGAL STANDARDS

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Rule 8 requires a pleading to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

"A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant

---

[2] In order "to secure the just, speedy, and inexpensive determination of [this] action[,]" Fed. R. Civ. P. 1, the Court is deciding the pending motion without awaiting opposition from Plaintiff. Although Plaintiff's form of pleading possibly may pass muster in the Civil Court of the City of New York, where this action initially was filed, *see* N.Y. City Civ. Ct. Act § 902 ("If the plaintiff's cause of action is for money only, the cause of action may be set forth by indorsement upon the summons."), as set forth in the Discussion section, *infra*, Plaintiff's pleading plainly does not meet the federal pleading standards. Thus, the Court would have the inherent authority to dismiss Plaintiff's pleading *sua sponte*, while granting leave to amend. *See Novero v. Duke Energy*, 753 F. App'x 759, 764-65 (11th Cir. 2018) ("The district court possessed inherent authority to dismiss Plaintiff's original complaint *sua sponte* for failure to comply with Federal Rules of Civil Procedure 8 and 10.").

seriously in attempting to answer it." *Akande v. U.S. Postal Serv*., No. 12-CV-06034 (CM), 2013 WL 587204, at *2 (S.D.N.Y. Feb. 13, 2013) (quoting *Kok v. First Unum Life Ins. Co*., 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001)). "Rule 12(e) is designed to 'strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement.'" *Id*. (quoting *Kok*, 154 F. Supp. 2d at 782). "A motion for a more definite statement should not be granted if the complaint complies with the requirements of Rule 8." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (citation omitted), *aff'd*, 23 F.3d 398 (2d Cir. 1994).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law[.]'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**DISCUSSION**

In the present case, Plaintiff's pleading is excessively vague and does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's pleading states that he is suing for "[p]ersonal [i]njuries for $30,000" (*see* Pl.'s 7/29/26 Summons) but provides no detail about the basis of Plaintiff's claim for personal injuries.

This case is analogous to *Akande*, which also involved a USPS-related pleading that initially was filed in the New York City Civil Court and then was removed to this Court. *See Akande*, 2013 WL 587204, at *1. In *Akande*, the Summons with Endorsed Complaint filed in the New York City

Civil Court alleged the nature of Plaintiff's claim, as follows: "Personal injuries for $25,000 with interest from 03/03/2011; Loss of time for work—Psychological and emotional distress caused by USPS driver hitting me by running red lights." *Id*. The Court in *Akande* granted Defendant's motion for a more definite statement, stating:

> Here, the Plaintiff's Complaint is a mere three lines of "excessively vague" description of the nature of the motor vehicle accident, the basis of the claim and the scope of the injuries sustained. Plaintiff alleges that the accident occurred when a "USPS driver [hit him] by running red lights." Pl's Compl. The exact time and place of the accident have not been alleged. *See id*. Aside from the driver "running red lights," the Complaint is bereft of any detail with regard to the accident. *See id*.
>
> Plaintiff's allegations with regard to his injuries are no clearer. Plaintiff asserts that he suffered "personal injuries," "loss of time for work," and "psychological and emotional distress" as a result of the accident. Pl's Compl. However, Plaintiff does not explicitly state a cause of action for which those injuries would entitle him to damages.

*Id*. at *3.

Plaintiff's pleading here contains markedly less detail than the pleading in *Akande*. Rather than containing three lines regarding Plaintiff's claim, as in *Akande*, Plaintiff's pleading in this case contains three words and a dollar figure of the amount of damages sought. Thus, as in *Akande*, Defendants are entitled to a more definite statement.

## **CONCLUSION**

By reason of the foregoing, Defendants' motion for a more definite statement (ECF No. 8) is GRANTED. No later than January 15, 2027, Plaintiff shall file an amended complaint that comports with the requirements of the Federal Rules of Civil Procedure. Plaintiff strongly is

encouraged to consult with the City Bar Justice Center ("CBJC") regarding preparation of the amended complaint.[3]

**SO ORDERED.**

Dated: New York, New York
November 17, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge

[3] The Court previously provided Plaintiff with a flyer regarding the CBJC. (*See* 10/21/26 Mem. End., ECF No. 6.) Information regarding the CBJC also is available at this link: https://perma.cc/73V6-YLC3.